D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor.<br><br>RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>NADER SEPEHR, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. No. 8:25-ap-01282-SC<br><br>NOTICE OF ENTRY OF SECOND PROCEDURES ORDER |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

TO THE HONORABLE SCOTT C. CLARKSON UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:

    PLEASE TAKE NOTICE that on November 26, 2025, as Bankruptcy Dk. No. 2554, the Court entered an order granting second motion for order establishing streamlined procedures governing adversary proceedings brought by the trustee's general counsel ("Second Procedures Order"). A true and correct copy of the Second Procedures Order is attached hereto as **Exhibit 1**.

DATED: December 5, 2025    MARSHACK HAYS WOOD LLP

    By: */s/ Chad V. Haes*
        CHAD V. HAES
        Attorneys for Richard A. Marshack,
        Plaintiff and Trustee of The LPG Liquidation Trust

# Exhibit "1"

| | |
|---|---|
| 1  D. EDWARD HAYS, #162507<br>    ehays@marshackhays.com<br>2  AARON E. DE LEEST, #216832<br>    adeleest@marshackhays.com<br>3  BRADFORD N. BARNHARDT, #328705<br>    bbarnhardt@marshackhays.com<br>4  MARSHACK HAYS WOOD LLP<br>    870 Roosevelt<br>5  Irvine, California 92620<br>    Telephone: (949) 333-7777<br>6  Facsimile: (949) 333-7778<br>7  Attorneys for Liquidating Trustee,<br>   RICHARD A. MARSHACK | **FILED & ENTERED**<br><br>NOV 26 2025<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY mccall    DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>ORDER GRANTING SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL<br><br>Hearing<br>Date:     November 20, 2025<br>Time:    1:30 p.m.<br>Ctrm.:    5C<br>Location: 411 W. Fourth Street<br>             SANTA ANA, CA 92701 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4924-1370-4823,v.1

The Second Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings brought by Trustee's General Counsel [Docket No. 2525] (the "Motion") filed on September 30, 2025, by Richard A. Marshack, in his capacity as the Trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust"), came on for hearing on November 20, 2025, at 1:30 p.m., the Honorable Scott C. Clarkson, presiding. Aaron E. de Leest of Marshack Hays Wood, LLP appeared for the Trustee. All other appearances are as set forth on the record at the hearing.

The Court having read and considered the Motion and the Court having jurisdiction to consider the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing that no other or further notice need be provided; and approval of the Motion being in the best interest of the Liquidation Trust, creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. The procedures, as modified in the Trustee's Supplement to the Motion filed on November 6, 2025, as Docket No. 2548, and as further modified by the Court during the hearing, a copy of which is attached hereto ("Procedures"), are approved and shall govern all parties to complaints filed by the Trustee's general counsel Marshack Hays Wood LLP, from September 16, 2025 through September 22, 2025 (the "Second Adversary Actions"), effective as of the date of this Order.

3. This order shall be served on all defendants in the Second Adversary Actions and filed in each of the Second Adversary Actions. The Trustee shall file proof of service of this order in each of the Second Adversary Actions.

4. To be clear, the docket in each of the Second Adversary Actions must be complete as a standalone docket and contain all relevant and applicable orders, instructions, and pleadings, without any party being required to search elsewhere.

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4924-1370-4823,v.1

Exhibit "1"
Page 4

5.  The Trustee shall lodge an order in each of the Second Adversary Actions for each status conference which is continued pursuant to application of the Procedures.

6.  Except as otherwise ordered by the Court, any Rule 12 motions filed in response to the complaints shall be set for hearing after expiration of the February 11, 2026, Initial Period and prior to March 5, 2026. The following omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions are available:

(1) February 19, 2026, at 10:00 a.m.

(2) February 19, 2026, at 1:30 p.m.

(3) March 5, 2026, at 10:00 a.m.

(4) March 5, 2026, at 1:30 p.m.

If any Rule 12 motions have already been filed and will be continued as a result of application of the Procedures, the Trustee shall lodge an appropriate order in each of the Second Adversary Actions in which such a motion was filed after consultation with the moving parties, who shall be required to approve the form of the lodged order. The Court expects cooperation and civility between all parties.

7.  Unless otherwise expressly ordered by the Court, the hearings on (A) the "Motion to Dismiss Plaintiff's Complaint," filed by Joe-Max Moore and Martha Moore on October 20, 2025, as Docket No. 7, and (B) the "Motion to Dismiss Complaint," filed by Carl Lewis Moore on October 20, 2025 as Docket No. 6, in Adversary Proceeding No. 8:25-ap-01289-SC, shall remain on calendar for and will be heard on December 18, 2025, at 1:30 p.m.

**IT IS SO ORDERED.**

Date: November 26, 2025

Scott C. Clarkson
United States Bankruptcy Judge

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4924-1370-4823,v.1

1  Approved as to form:

2  **GOE FORSYTHE & HODGES LLP**

3
   
4  By: _____
       Robert P. Goe
5      Brandon J. Iskander
       Attorneys for Defendants,
6      Joe-Max Moore and Martha Moore

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4924-1370-4823.v.1

**PROCEDURES**

The procedures set forth below ("Procedures") shall govern the prosecution of complaints filed by general counsel, Marshack Hays Wood LLP, for Richard A. Marshack, in his capacity as the Liquidating Trustee of the LPG Liquidation Trust ("Trustee") from September 16, 2025 through September 22, 2025 (the "Second Adversary Actions").[1]

**A.    Effect and Substance of the Second Procedures Order**

All defendants in the Second Adversary Actions will be served with a copy of the entered Order Granting Second Motion for Order Establishing Streamlined Procedures Governing New Adversary Proceedings filed by Trustee's General Counsel, Marshack Hays Wood LLP ("Second Procedures Order"). The Second Procedures Order shall supersede any conflicting orders previously entered in the Second Adversary Actions and shall be binding on all parties. The Second Procedures Order will: (a) require all defendants to timely file an answer or other responsive pleading; (b) stay all litigation until February 11, 2026; (c) require the parties to participate in a joint conference to discharge Rule 26 obligations; and (d) modify any discovery and other pretrial deadlines set forth in the Second Adversary Actions. All parties retain the ability to seek extensions of any deadlines set forth in these Procedures directly from the Court.

**B.    Responses to Complaint, 120-Day Stay, Joint Conference**

i.    <u>Responses to Complaint</u>: All defendants shall timely file a response to the complaint. The Trustee shall have authority to grant a two-week extension of the deadline in writing without the need to file any stipulation with the Court. Any stipulation extending the response date beyond 14 days from the date on the summons must be filed with and approved by the Court. Nothing in these Procedures limits any party's ability to seek extensions directly from the Court.

ii.    <u>Initial Period</u>: Except as otherwise permitted by the Second Procedures Order, all litigation and formal discovery in the adversary cases will be stayed through February 11, 2026 ("Initial Period"). Limited access to Trustee-held records will be permitted during the Initial Period upon request. Any disputes over the scope of access to Trustee-held records may be resolved by the Court notwithstanding the stay during the Initial Period.

iii.    <u>Joint Conference</u>: During the Initial Period, the parties shall attend a mandatory joint conference via Zoom or other videoconferencing technology, unless agreed otherwise in writing between the Trustee and the defendant ("Joint Conference"). Within 26 days after entry of the Second Procedures Order, each defendant or their counsel shall contact Trustee's counsel via e-mail to chaes@marshackhays.com, amamlyuk@marshackhays.com, cmendoza@marshackhays.com, and

---

[1] The Second Adversary Actions are Case Nos.: (1) 25-1272 (Docket No. 2493); (2) 25-1273 (Docket No. 2494); (3) Docket No. 25-1274 (Docket No. 2495); (4) 25-1275 (Docket No. 2496); (5) 25-1276 (Docket No. 2497); (6) 25-1277 (Docket No. 2498); (7) 25-1278 (Docket No. 2499); (8) 25-1279 (Docket No. 2500); (9) 25-1280 (Docket No. 2501); (10) 25-1281 (Docket No. 2502); (11) 25-1282 (Docket No. 2503); (12) 25-1283 (Docket No. 2504); (13) 25-1284 (Docket No. 2505); (14) 25-1285 (Docket No. 2506); (15) 25-1286 (Docket No. 2507); (16) 25-1287 (Docket No. 2508); (17) 25-1288 (Docket No. 2509); (18) 25-1289 (Docket No. 2510); (19) 25-1290 (Docket No. 2511); (20) 25-1291 (Docket No. 2513); (21) 25-1292 (Docket No. 2514); (22) 25-1293 (Docket No. 2515); (23) 25-1294 (Docket No. 2516); and (24) 25-1298 (Docket No. 2518).

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4924-1370-4823,v.1

Exhibit "1"
Page 7

spineda@marshackhays.com to schedule the Joint Conference. Unless otherwise agreed to in writing, the Joint Conference must be held within eight weeks after entry of the Second Procedures Order. The parties shall make all reasonable efforts to schedule a mutually agreeable Joint Conference date and time.

    iv.    Rule 26 Disclosures: The parties shall be required to exchange the following Rule 26 documents and information at least 7 days prior to the Joint Conference. To be clear, the disclosures required below are intended to and should clearly align with Rule 26 of the Federal Rules of Civil Procedure:

Plaintiff: The Trustee and his successors and assigns, in their capacity as plaintiffs in the Second Adversary Actions shall provide:

    a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; and

    b.    After a good faith effort, given the Trustee's circumstances and limitations, identification, copies, or access to all documents, electronically stored information, and tangible things that the Trustee has in its possession, custody, or control and which the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Defendants: Any defendant in the Second Adversary Actions shall produce:

    a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    b.    Copies of all documents, electronically stored information, and tangible things that the defendant has in his/her possession, custody, or control and which the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    c.    To the extent any defendant claims that he or she is financially incapable of responding to the demand in the complaint and wants the Trustee to consider such claim in connection with settlement negotiations, such defendant must also produce sworn financials including a balance sheet and income statement disclosing all assets, liabilities, income, and expenses. This production of financial information is not applicable to any defendant that does not want the Trustee to consider financial inability in connection with settlement negotiations. Notwithstanding any provision to the contrary, financial disclosures are expressly voluntary and required only if a defendant seeks consideration of inability to pay;

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4924-1370-4823,v.1

Exhibit "1"
Page 8

       d.      Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the Adversary Action or to indemnify or reimburse for payments made to satisfy the judgment; and

       e.      Any entity (non-individual) named as a defendant in the Second Adversary Actions, whether active or terminated/dissolved, shall also produce a complete list of all members, shareholders, and officers.

    v.    <u>Discovery</u>: After expiration of the February 11, 2026, Initial Period, the Parties may propound formal discovery. The deadline to complete discovery, including resolution of any discovery motions, shall be as follows. The following discovery deadlines remain modifiable for good cause.

       a.      <u>For Actions under $150,000</u>: July 28, 2026;

       b.      <u>For Actions between $150,000-$500,000</u>:  August 27, 2026; and

       c.      <u>For Actions more than $500,000</u>: August 27, 2026.

    vi.    <u>Motion Cut-off Dates</u>: The dates by which all non-discovery motions must be heard shall be the date that is one week prior to the applicable initial status conference.

    vii.    <u>Status Conferences</u>: The Status Conferences set by the Court in the summonses shall be continued as follows:

       a.      <u>For Actions under $150,000</u>: To a date that is on or after September 27, 2026;

       b.      <u>For Actions between $150,000-$500,000</u>: To a date that is on or after October 28, 2026; and

       c.      <u>For Actions more than $500,000</u>: To a date that is on or after October 28, 2026.

During the initial status conferences, the Court will determine when and whether a pretrial conference should be set or whether the matter should proceed directly to trial.

    viii.    <u>Joint Status Report</u>: The Trustee shall include the results of the Joint Conference in the initial Status Report due 14 days prior to the status conference dates set by the Court.

    ix.    <u>Failure to Prosecute Claims or Defenses</u>: The failure of any party to diligently prosecute their claims or defenses, including failing to timely comply with the Second Procedures Order, may result in the complaint or answer being stricken. Upon notice and a hearing, a party's failure to appear at the Joint Conference or otherwise comply with the Second Procedures Order, may result in any response to the complaint being stricken and their default being entered. Any sanctions are subject to notice, hearing, and consideration of lesser alternatives.

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4924-1370-4823,v.1

Exhibit "1"
Page 9

### C. Hearings on Rule 12 Motions, Timing for Dispositive Motions, and Motions Common to More than One Adversary Action

Except as otherwise ordered by the Court, any Rule 12 motions filed in response to the complaints shall be set for hearing after expiration of the February 11, 2026, Initial Period and prior to March 5, 2026. The Court shall set available omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions between February 11-March 5, 2026, in the Second Procedures Order.

Additionally, except as otherwise permitted by the Court, no dispositive motion such as a motion for judgment on the pleadings or motion for summary judgment may be filed until after expiration of the February 11, 2026, Initial Period. Such scheduling will permit the Trustee to focus on settling adversaries to limit the number of remaining cases and for common issues to be identified addressed by the Parties and resolved by the Court in administratively coordinated hearings.

To the extent that the Trustee has any motions common to more than one Adversary Action, the Trustee as Plaintiff shall file such motion in the main case and in each affected Adversary Action and shall serve all defendants in any adversary action that may be affected by the motion. The Trustee shall indicate in the caption which Second Adversary Actions are affected by the motion.

### D. Mediation

i. The Parties may agree to participate in mediation by filing with the Court a joint Request for Assignment to Mediation Program (LBR Form 701).

ii. Third Amended General Order 95-01 shall govern the procedures for mediation.

iii. The mediation may take place via Zoom or other videoconferencing technology, unless agreed otherwise by the Mediator, the Trustee, and the defendant(s).

iv. At least one counsel for each party and a representative of the defendant(s) having full settlement authority (or the defendant(s) himself/herself) shall attend the mediation.

### E. Filing and Service of Second Procedures Order

i. A copy of the entered Second Procedures Order shall be filed on the docket in the Bankruptcy Case.

ii. A copy of the Second Procedures Order shall be served along with the complaint and summons, or, for any defendants that have already been served with a copy of the summons and complaint, within 14 days after entry of the Second Procedures Order, and filed in each Adversary Action. The Trustee must file proof of service of the Second Procedures Order in each adversary.

iii. If the Trustee identifies common legal or factual issues that affect more than one adversary proceeding, he may file a motion seeking to administratively coordinate such adversary proceedings for hearings. For example, if more than one defendant raises an affirmative defense that the Trustee believes fails as a matter of law, the Trustee can file a motion seeking to establish

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4924-1370-4823,v.1

Exhibit "1"
Page 10

procedures for filing an omnibus motion for summary adjudication or summary judgment in a single case (whether a lead adversary or the main bankruptcy case).

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4924-1370-4823,v.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF ENTRY OF SECOND PROCEDURES ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 5, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- ATTORNEYS FOR PLAINTIFF: Aaron E. De Leest    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- ATTORNEYS FOR PLAINTIFF: Chad V Haes    chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdrive.com;spineda@marshackhays.com;ldinkins@marshackhays.com
- ATTORNEYS FOR PLAINTIFF: D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- INTERESTED PARTY: Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- TRUSTEE: Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **December 5, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 5, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Personal Delivery
PRESIDING JUDGE'S COPY
Honorable Scott C. Clarkson
Bin beside 5th Floor Elevators
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 5, 2025 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**2. SERVED BY UNITED STATES MAIL**:  Continued

**Defendant**
Nader Sepehr
4533 MacArthur Blvd #216
Newport Beach, CA 92660

**Defendant**
Nader Sepehr
17748 Sky Park Circle
Irvine, CA 92614

**Defendant**
Nader Sepehr
15 Edendale St
Ladera Ranch, CA 92694

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* 

**F 9013-3.1.PROOF.SERVICE**